UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

———————————

In re:

MICHELLE LEE NAIL,

          Debtor.

_____/

THOMAS C. RICHARDSON,
chapter 7 trustee,

          Plaintiff,

v.

BRANDON YOUNCE,

          Defendant.

_____/

Case No. 22-01379-swd
Hon. Scott W. Dales
Chapter 7

Adversary Pro. No. 22-80070

## MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                 Chief United States Bankruptcy Judge

On June 6, 2023, the chapter 7 trustee (the "Plaintiff"), through counsel, filed a Motion for Rule 2004 Exam (ECF No. 18, hereinafter the "Motion") to examine Defendant Brandon Younce (the "Defendant"). This Motion comes after the District Court entered a Default Judgment against the Defendant for $30,000.00, plus $350.00 in costs (ECF No. 17, hereinafter the "Judgment"), adopting a report and recommendation from this court.

The Motion is before the Bankruptcy Court pursuant to the standing reference of bankruptcy-related matters. 28 U.S.C. §§ 157(a) & 1334; W.D. Mich. LGenR 3.1.

Given the post-judgment posture of the matter, the court assumes the Plaintiff is seeking discovery in aid of execution, rather than pre-suit discovery typically associated with motions seeking examination under Rule 2004, Fed. R. Bankr. P.[1]  Rule 2004 is inapplicable for at least two reasons.  First, once an adversary proceeding commences, the parties are subject to the general discovery rules and may not seek relief under Rule 2004.  This principle is known as the "pending proceeding" rule.  *See In re Great Lakes Comnet, Inc.*, 558 B.R. 194, 197 (Bankr. W.D. Mich. 2016).  The doctrine recognizes the differences in the scope and use of examinations under Rule 2004 and Rule 30.

Second, because the District Court has already entered judgment, Rule 69 applies.[2]  The rule provides that "[i]n the aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).  A more natural reading of the phrase "these rules" in Rule 69 points to the discovery rules within the Federal Rules of Civil Procedure, rather than the Federal Rules of Bankruptcy Procedure.  Although there may be some overlap in the scope of Rule 2004 and proceedings supplemental to judgment, the court does not regard Rule 2004 as among the rules mentioned in Rule 69.

Nevertheless, the Plaintiff is within his rights to seek information from Defendant in aid of enforcing the Judgment and the court's doubts about his citation to a particular rule will not stand in the way of relief.  *See* Fed. R. Bankr. P. 1001 and 9005.  As Rule 69 directs, the court looks to the state law for guidance:

---

[1] The Federal Rules of Bankruptcy Procedure are set forth in Fed. R. Bankr. P. 1001 *et seq.* and the Federal Rules of Civil Procedure are set forth in Fed. R. Civ. P. 1 *et seq.*  In the text of this opinion the court will refer to any rule simply as "Rule __," relying on the numbering conventions within each ruleset to distinguish the references.

[2] Rule 7069 of the Federal Rules of Bankruptcy Procedure incorporates Rule 69 of the Federal Rules of Civil Procedure in adversary proceedings.  Fed. R. Bankr. P. 7069.

> Upon an affidavit, showing to the satisfaction of the judge that any person has money or property of the judgment debtor, or is indebted to him, the judge may issue a subpoena requiring the judgment debtor or the person or both to appear at a specified time and place, and be examined on oath, and to produce for examination any books, papers, or records in his or its possession or control which have or may contain information concerning the property or income of the debtor.

M.C.L § 600.6110.  The relief in this section is essentially the relief Plaintiff seeks and to which he is entitled.[3]  Therefore, although the court will not order the Defendant to appear for a Rule 2004 examination, it will order him to appear for a post-judgment examination, pursuant to M.C.L § 600.6110.

As a practical matter, the collection of federal judgments has proven to be confusing, even difficult, for the federal courts and litigants.  It is fair to say, as the court has previously suggested, that the state courts are better equipped to conduct post-judgment proceedings, with specific forms and expertise.  *See In re Snorden*, 559 B.R. 857, 863 (Bankr. W.D. Mich. 2016); *Meoli v. Christian (In re Buchner)*, Adv. Pro. No. 11-80110, 2015 WL 1869452 (Bankr. W.D. Mich. April 22, 2015).  The court, therefore, reiterates its suggestion in *Snorden* and *Buchner* that federal judgment creditors, including the Plaintiff, consider domesticating their federal judgments under the Uniform Enforcement of Foreign Judgments Act, M.C.L. § 691.1171 *et seq*.  This approach likely promises less confusion and faster relief.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion is GRANTED as provided herein, and the Defendant will appear for an examination on Monday, June 26, 2023, at

---

[3] Because the District Court only recently entered the Judgment, it is unlikely that the Defendant has made any payments, so the court will not insist on an affidavit, notwithstanding the terms of M.C.L. § 600.6110.

2:00 P.M., at the offices of Paul F. Davidoff, P.C., Cornerstone Building, 405 W. Michigan Ave., Suite 130, Kalamazoo, Michigan.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order, pursuant to Rule 9022 and LBR 5005-4, upon Paul F. Davidoff, Esq., and by first class mail upon the Defendant at the following address:

> Brandon Younce
> 36 East Montgomery St.
> Coldwater, MI 49036

END OF ORDER

**IT IS SO ORDERED.**

**Dated June 8, 2023**



Scott W. Dales
United States Bankruptcy Judge